IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| BYRON WHITTINGTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-00171-DGK |
| | ) | (Crim. No. 4:13-CR-00181-DGK-1) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DENYING MOTION TO CORRECT SENTENCE

Petitioner Byron Whittington ("Petitioner") pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and the Court sentenced him to 102 months' imprisonment.

Now before the Court are Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) under 28 U.S.C. § 2255, Amended Motion to Vacate (Doc. 9), and Motion to Dismiss Petition Without Prejudice (Doc. 20). The Government has also filed a Motion to Lift Stay and Deny Pending 28 U.S.C. § 2255 Motion on the Merits (Doc. 21). Because the Supreme Court recently rejected Petitioner's argument in *Beckles v. United States*, 137 S. Ct. 886 (2017), his § 2255 motion, amended § 2255 motion, and motion to dismiss without prejudice are DENIED. The Government's motion to deny Petitioner's § 2255 motion is GRANTED.

### Background[1]

On September 11, 2013, Petitioner pled guilty to one count of being a felon in possession of a firearm, pursuant to a written plea agreement. In this agreement, Petitioner waived his right

---

[1] The facts in this section derive from: (1) the criminal case record; and (2) the allegations in Petitioner's motion, taken as true except where they contradict the record. Because the facts in this light do not entitle Petitioner to relief, the Court denies him an evidentiary hearing and rules on the facts in the record. *See Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013) (citing 28 U.S.C. § 2255(b)); Rules Governing Section 2255 Proceedings, Rule 8(a).

1

to attack his sentence, directly or collaterally, on any ground except claims of ineffective assistance of counsel, prosecutorial misconduct, or an illegal sentence. Plea Agrmnt. ¶ 15 (Crim. Doc. 26). The agreement defines an "illegal sentence" as one "imposed in excess of the statutory maximum," and states the term specifically "does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence." *Id.* (emphasis in original). Petitioner does not challenge the validity of his plea agreement and this waiver.

On January 30, 2014, the Court sentenced him to 102 months' imprisonment under the United States Sentencing Guidelines (the "Guidelines"). In calculating Petitioner's Guidelines range, the Court found he was eligible for an enhanced base offense level because he had two prior convictions that qualified as "crimes of violence." Specifically, the Court adopted the Presentence Investigation Report ("PSR") finding that Petitioner's prior Missouri convictions for second-degree burglary qualified him for an enhancement under Guidelines § 2K2.1(a)(1). PSR ¶¶ 13, 36, 37 (Crim. Doc. 27). This ultimately resulted in an advisory Guideline range of 120 to 150 months' imprisonment. *Id.* ¶ 77. But, because the statutory maximum term of imprisonment for Petitioner's crime is 10 years, this recommendation was reduced to 120 months. *Id.* The Court sentenced Petitioner below this recommendation, and he did not appeal.

Petitioner filed his first § 2255 motion on February 22, 2016, and filed an amended motion on April 8, 2016. The Court withheld ruling while awaiting the Supreme Court's opinion in *Beckles*. That decision was handed down on March 6, 2017.

**Discussion**

**I.    The Court will not dismiss Petitioner's § 2255 motion without prejudice, and will consider the merits of his motion.**

The Court first addresses Petitioner's motion to dismiss this matter without prejudice so he may file another motion pursuant to § 2255 without it being considered a second or successive petition requiring the permission of the Eighth Circuit to proceed (Doc. 20).  The Government opposes this motion, arguing the Court "should not allow a state or federal prisoner to voluntarily dismiss a post-conviction motion to avoid application of an impending or recently issued adverse decision." Gov't Mot. at 3 (Doc. 21).  Even if dismissing this motion without prejudice could allow Petitioner to file another § 2255 motion without permission from the Eighth Circuit, *cf. Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997) ("[A] petitioner for habeas corpus cannot be permitted to thwart the limitations on the filing of second or successive motions by withdrawing his first petition as soon as it becomes evident that the district court is going to dismiss it on the merits."); *Thai v. United States*, 391 F.3d 491, 495 (2d Cir. 2004) ("[I]f a petitioner clearly concedes upon withdrawal of a § 2255 petition that the petition lacks merit, the withdrawal is akin to a dismissal on the merits and subsequent petitions will count as successive . . . ."), the Court will not acquiesce in this sort of gamesmanship.  Petitioner's motion to dismiss without prejudice is denied, and the Court will consider the merits of his § 2255 motion.

**II.    Petitioner's enhanced base level sentence did not deprive him of due process of law.**

A district court may vacate a sentence if it "was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255(a).  A § 2255 motion "is not a substitute for a direct appeal, and is not the proper way to complain about simple . . . errors." *Anderson v. United States,* 25 F.3d 704, 706 (8th Cir. 1994) (internal citation omitted).

Petitioner argues his prior convictions for second-degree burglary no longer qualify as crimes of violence in the wake of *Johnson v. United States,* 135 S. Ct. 2551 (2015), the Supreme Court decision invalidating the Armed Career Criminal Act's ("ACCA") residual clause, 18 U.S.C. § 924(e)(2)(B)(ii). Petitioner contends that under *Johnson*, the Court's Guidelines calculation violated due process.

This argument is without merit. Petitioner was not sentenced under the ACCA, but instead under a similarly-worded provision in the Guidelines. *See* U.S.S.G. § 4B1.2. The Guidelines are not subject to a void-for-vagueness challenge under the Due Process Clause like the ACCA's residual clause was in *Johnson*. *Beckles*, 137 S. Ct. at 896. Unlike the ACCA, the Guidelines do not fix the permissible statutory range of punishment. *Id.* at 894. Instead, they merely guide the exercise of a sentencing court's discretion in choosing an appropriate sentence within the permissible range. *Id.* Petitioner was sentenced to a term of imprisonment that was not in excess of the statutory maximum and, therefore, not an illegal sentence.

Because his claim is based on the same vagueness challenge the Supreme Court rejected in *Beckles*, it is denied.[2] Any other grounds for relief are time-barred. 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to [§ 2255 motions]. The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final; [or] the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .").

---

[2] Indeed, Petitioner admitted that "[i]f *Beckles* holds that *Johnson* is not retroactively applicable to guidelines cases on collateral review, [his] case would necessarily be terminated." Pet.'s Mot. to Stay at 2 (Doc. 15). Here, there is nothing to be applied retroactively because the Supreme Court held that the Guidelines are not subject to a void-for-vagueness challenge. *Beckles*, 137 S. Ct. 886.

## Conclusion

For these reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1), Amended Motion to Vacate (Doc. 9), and Motion to Dismiss Case Without Prejudice (Doc. 20) are DENIED, and the Court declines to issue a certificate of appealability. The Government's Motion to Lift Stay and Deny Pending 28 U.S.C. § 2255 Motion on the Merits (Doc. 21) is GRANTED.

**IT IS SO ORDERED.**

Date: May 24, 2017  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT